AO91 (Rev. 12/03) Criminal Complaint

RECEIVED

# UNITED STATES DISTRICT COURT

Southern DISTRICT OF Iowa

11 JUL -7 PM 4: 24

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA
V.
Sergio Lopez

**CRIMINAL COMPLAINT**

Case Number: 4:11-MJ-123

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about April 25, 2011 (Date) in Marshall County, in the Southern District of Iowa defendant(s) did,

*(Track Statutory Language of Offense)*

distribute or aid and abet the distribution of methamphetamine

in violation of Title 21 United States Code, Section(s) 841(a)(1) and Title 18, United States Code, Section 2.

I further state that I am a(n) Special Agent (Official Title) and that this complaint is based on the following facts:

See Attached Affidavit.

Continued on the attached sheet and made a part of this complaint: ☑ Yes ☐ No

_____
Signature of Complainant

Ben T. Post, Special Agent - Drug Enforcement Administration
Printed Name of Complainant

Sworn to before me and signed in my presence,

7/7/11
Date

at Des Moines, Iowa
City / State

Ross A. Walters | U.S. Magistrate
Name of Judge | Title of Judge

_____
Signature of Judge

# **A F F I D A V I T**

I, Ben T. Post, having been duly sworn, depose and state as follows:

I am a Special Agent (SA) with the Drug Enforcement Administration (DEA), United States Department of Justice and have been so employed since March 2004. Prior to my employment with the DEA, I was employed as a Police Officer with the Scottsdale Police Department, Scottsdale, Arizona, for approximately five years. While at Scottsdale Police Department I spent two years as a Narcotics Detective. I am currently assigned to the DEA Des Moines Resident Office, Group #53, the primary focus of which is to conduct investigations of individuals and organizations that distribute methamphetamine, cocaine base (crack cocaine), powder cocaine, marijuana, and other illicit drugs.

During my law enforcement tenure, I have participated in numerous investigations involving the unlawful distribution of narcotics in violation of federal and state laws, which led to arrests, convictions of violators, and seizures of narcotics and proceeds gained from illegal activity. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analysis of telephone toll records and other records kept by or relating to drug traffickers. I have received countless hours of training in various investigative techniques and through my training, education, and experience, I have become familiar with the identification of illegal drugs, methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have attended numerous schools and seminars that specialize in all aspects of

narcotics investigations. I continue to keep abreast of current trend and practices of drug traffickers by reading periodicals, intelligence bulletins/briefs, and training literature. Additionally, I maintain daily contact with Special Agents, other law enforcement personnel, confidential sources, and sources of information to remain up to date with current trends of drug traffickers.

## Basis of Probable Cause

I am the case agent responsible for the investigation involving Sergio LOPEZ. This Affidavit is made in support of a Complaint charging Sergio LOPEZ with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This Affidavit is based upon my own personal knowledge and observations, as well as information provided to me by other law enforcement officers, and intelligence and information derived from state and county databases, utility companies, and telephone companies. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

1. On April 25, 2011, a DEA Confidential Source (herein referred to as CS#1) set-up a one ounce purchase of methamphetamine with Sergio LOPEZ.[1] At approximately 4:58 PM CS#1 made a recorded telephone call to cellular telephone 641-750-7254 – a number CS#1 stated was utilized by Sergio LOPEZ. LOPEZ answered the phone and told CS#1 to call back in five minutes. At approximately 5:05 PM, CS#1 made a second recorded telephone call to LOPEZ. LOPEZ instructed CS#1 to pick him up at 918 South 1st Avenue (which is located directly behind and across the alley from 917

---

[1] It should be noted, CS#1 has been deemed credible through prior controlled purchases and through independent corroboration of information that CS#1 has provided to law enforcement. CS#1 is cooperating with law enforcement for consideration related to drug violations, however, CS#1 has not yet been charged with any drug violation in state or federal court.

2

South 2nd Avenue). CS#1 was provided with $2,200 in DEA Official Advanced Funds (OAF) and an audio/video recording device.[2]

2. CS#1 then drove to 918 South 1st Avenue and surveillance observed LOPEZ get into the passenger seat of CS#1's vehicle. After several minutes, LOPEZ got back out of the car and CS#1 drove back to the neutral location. CS#1 informed investigators that LOPEZ told CS#1 that he needed to call someone else to get the methamphetamine. At approximately 5:35 PM, LOPEZ called CS#1 and told CS#1 to pick him up at the Walgreens in Marshalltown, Iowa. At approximately 5:39 PM, CS#1 picked up LOPEZ and then CS#1 drove to the O'Reilly Auto store parking lot at 710 South 3rd Street in Marshalltown. At approximately 5:51 PM, surveillance observed a Red Dodge truck with Iowa license plate 974XWP pull into the O'Reilly Auto Store lot. A Hispanic male got out of the driver's seat of the Dodge Ram truck and met with CS#1 in CS#1's vehicle. During the transaction, LOPEZ waited outside CS#1's vehicle. After the transaction, LOPEZ got in the Dodge Ram truck with the Hispanic male – and the two subjects left the area. CS#1 drove back to the neutral location.

3. At the neutral location, CS#1 provided investigators with a clear plastic baggie that contained a white crystal substance which tested positive for the presence of methamphetamine. CS#1 also turned over $150 in unused DEA buy money since the purchase price of the ounce of methamphetamine was $2,050. CS#1 stated that LOPEZ made a call after CS#1 picked LOPEZ up at the Walgreens and that the call was in Spanish. CS#1 stated that after the phone call, LOPEZ instructed CS#1 to drive to the

---

[2] The controlled purchase was conducted in accordance with DEA policy which includes the searching of the cooperating source and the CS's vehicle both prior to and after the transaction – as well as maintaining surveillance on the CS as he/she drives to and from the target location.

O'Reilly Auto Store parking lot. CS#1 stated that the Hispanic male handed CS#1 the methamphetamine and CS#1 provided the Hispanic male with $2,050 in DEA OAF.

4. Investigators reviewed the audio/video recording from the purchase on 04-25-2011 and it corroborated CS#1's statements concerning the transaction. In the video, Sergio LOPEZ could be clearly identified; however, the video did not capture a clear picture of the Hispanic male. The DEA North Central Laboratory conducted testing on the white crystal substance purchased on 04-25-2011 from this transaction. Analysis showed a net weight of 24.7 grams with a purity of 84.5% for an actual weight of methamphetamine of 20.8 grams.

### Conclusion

Based on the information in the foregoing paragraphs, your Affiant believes there is probable cause to believe that Sergio LOPEZ participated in the distribution methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Your Affiant, having signed this Affidavit under oath, as to all assertions and allegations contained herein, states that its contents are true and correct to the best of his knowledge, information and belief.

Ben T. Post, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 7th day of July, 2011.

Honorable Ross A. Walters
United States Magistrate Judge
Southern District of Iowa

4